UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY BENTON, JR., | : | **CIVIL NO. 1:09-CV-2536** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| DAVID EBBERT, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

The issue in this habeas case is whether the Bureau of Prisons (BOP) has accurately computed the amount of time that petitioner Larry Benton, Jr. must serve on his federal sentence. For the reasons that follow, we conclude that the BOP has correctly computed the petitioner's sentence. Accordingly, we will recommend that the petition for a writ of habeas corpus be denied.

On October 20, 2005, the petitioner was arrested by New York state authorities on robbery and burglary charges. *Doc. 7-2, Exhibit 1 - Cagalj Decl.* at ¶5.

On August 22, 2006, the petitioner was temporarily borrowed from state custody and transferred to federal custody to answer charges in the United States District Court for the Northern District of New York. *Id.* at ¶6. On May 16, 2007, the petitioner pleaded guilty in the United States District Court for the Northern District of New York to one count of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). *Doc. 7-2, Exhibit 1, Attachment 3.* On January 2, 2008, Chief Judge Norman A. Mordue sentenced the petitioner to 87 months of imprisonment to be followed by five years of supervised release. *Id.* The Judgment provides: "It is the Court's intention that the defendant will be given credit for the time he has served in related state custody on Overt Act 68, from the date he was arrested by Federal Authorities on August 22, 2006, until today." *Id.*

On January 3, 2008, the petitioner was returned to the primary custody of New York authorities. *Doc. 7-2, Exhibit 1 - Cagalj Decl.* at ¶8. On January 29, 2008, the petitioner was sentenced in New York state court to a term of 1 to 3 years imprisonment for first degree robbery and first degree

2

burglary. *Id.* at ¶9.  The petitioner received 835 days of jail time credit toward his state sentence for the time he spent in custody since his arrest (October 20, 2005) through the date he was sentenced in state court (January 29, 2008). *Id.* at ¶¶9 & 12.

On October 15, 2008, the petitioner was paroled from his state sentence and taken into federal custody to begin serving his federal sentence. *Id.* at ¶10.  The petitioner received 504 days of prior custody credit for the period of June 18, 2005 through June 23, 2005 and the period of August 22, 2006 through January 1, 2008. *Id.* at ¶13.

Based on the petitioner's request for additional credit for the period from January 2, 2008 through October 15, 2008, the petitioner was considered for a retroactive designation of the state prison where he served his state sentence as the place of confinement for his federal sentence. *Id.* at ¶11.  In connection with the review of whether or not to make such a retroactive designation, the BOP made a call to the Clerk of Court for Chief Judge Mordue to inquire about the court's

3

position on a retroactive designation. *Id.* The Clerk indicated that the court's intention was for the petitioner to be given credit for the time stated in the judgment without any additional credit. *Id.* The BOP decided not to make a retroactive designation in the petitioner's case.

According to the calculation of the petitioner's sentence by the BOP, the petitioner's projected release date is September 21, 2013 via good conduct time release. *Id.* at ¶13.

On December 24, 2009, the petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent filed a response to the petition on January 26, 2010, and the petitioner filed a reply on February 16, 2010.

The petitioner claims that the BOP has failed to properly calculate his sentence. He contends that he is entitled to credit toward his federal sentence for the period from January 2, 2008 to October 15, 2008. He also contends that it was Chief Judge Mordue's intent that his federal and

4

state sentences run concurrently but that the BOP has failed to run his federal sentence concurrently with his state sentence.

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976).

"To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled." *Lerario v. United States,* 371 F.Supp.2d 633, 635 (M.D.Pa. 2005)(Rambo, J.).

18 U.S.C. § 3585(a), concerning the commencement of a sentence, provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

The BOP has correctly determined that the petitioner's federal sentence began to run on October 15, 2008, the date he entered federal custody to begin serving his sentence. Although the petitioner was transferred to federal custody prior to his federal guilty plea and sentencing pursuant to a writ of habeas corpus ad prosequendum, he nevertheless remained in the primary custody of the state. *See Rios v. Wiley,* 201 F.3d 257, 274 (3d Cir. 2000)("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."). Thus, the petitioner's federal sentence did not begin to run until October 15, 2008, the date he entered federal custody to begin serving his federal sentence.

18 U.S.C. § 3585(b) concerning credit for prior custody, provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or

6

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

"The courts have construed the last clause of section 3585(b) as limiting an award of credit for time served prior to the imposition of a federal sentence under section 3585(b) to instances where the time period was not spent in service of a previously imposed sentence and thus had not been credited against that earlier sentence." *Rios*, *supra,* 201 F.3d at 272. In other words, 18 U.S.C. § 3585(b) prohibits the award of double credit. *Id.; United States v. Wilson*, 503 U.S. 329, 337 (1992)(stating that Congress made clear in section 3585(b) that a defendant could not receive double credit for his detention time).

The petitioner is seeking credit for the period January 2, 2008 to October 15, 2008. The petitioner was serving his New York sentence during that time period, and he received credit toward his New York sentence for that time period. Accordingly, the petitioner is not entitled to an award of

7

credit pursuant to 18 U.S.C. § 3585(b) toward his federal sentence for that time period.

The petitioner contends that the BOP incorrectly computed his federal sentence to run consecutively to his state sentence even though Chief Judge Mordue intended for his federal sentence to run concurrently with his state sentence.

18 U.S.C. § 3584 (a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Under Sentencing Guideline § 5G1.3(c), the sentencing court may adjust a defendant's sentence so as to account for time served on an unrelated state sentence. *Ruggiano v. Reish*, 307 F.3d 121, 131 (3d Cir. 2002).

In the instant case, the judgment in the petitioner's federal criminal case provides: "It is the Court's intention that the defendant will be given credit for the time he has served in related state custody on Overt Act 68, from the date he was arrested by Federal Authorities on August 22, 2006,

8

until today." *Doc. 7-2, Exhibit 1, Attachment 3.* The petitioner has, in fact, received credit toward his federal sentence for the period from August 22, 2006 through January 1, 2008 as indicated in the judgment. The judgment contains no indication that Chief Judge Mordue intended to run the petitioner's federal sentence concurrently with his state sentence.[1] Accordingly, the BOP did not err in computing the petitioner's federal sentence to run consecutively to his state sentence.

18 U.S.C. § 3621(b) provides that the Bureau of Prisons may designate any available penal or correctional facility as the place of a prisoner's imprisonment "whether maintained by

---

1. Because there is no indication that Chief Judge Mordue intended to run the petitioner's federal sentence concurrently with any state sentence, this case is distinguishable from the cases cited by the petitioner in which the sentencing court indicated an intent to run sentences concurrently. *See United States v. Descally,* 254 F.3d 1328, 1330 (11th Cir. 2001)(stating that the district court imposed the federal sentence "to run concurrently with" the state sentence); *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000)(stating that the district court ordered the federal prison term "to run concurrently with" the remainder of the state prison term); *United States v. Dorsey,* 166 F.3d 558, 559 (3d Cir. 1999)(stating that the district court ordered the federal sentence to "run concurrently with" the state sentence).

9

the Federal Government or otherwise" provided that the facility meets certain minimum standards.  In designating the place of imprisonment, § 3621(b) provides that the BOP shall consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence - (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."  The BOP has the authority to designate a state prison as the place of imprisonment for service of a federal sentence and has the authority to make such a designation *nunc pro tunc*. *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1991).  However, it is within the BOP's discretion whether to actually make such a designation after considering the statutory factors. *Id.* at 478.

The petitioner was considered by the BOP for a retroactive designation of the state prison where he served his

state sentence as the place of confinement for his federal sentence. In connection with that consideration, the BOP made a call to the Clerk of Court for Chief Judge Mordue to inquire about the court's position on a retroactive designation. The Clerk indicated to the BOP that the court's intention was for the petitioner to be given credit for the time stated in the judgment without any additional credit.[2] It was within the BOP's discretion to decide not to make a retroactive designation in the petitioner's case.

We conclude that the BOP correctly determined when the petitioner's federal sentence commenced and the credits toward

---

[2]. We note that the petitioner requests that this court contact Chief Judge Mordue to ascertain his intent. However, a sentencing judge's intent is determined by what he or she says during sentencing and what the written judgment provides. The inquiry into the sentencing judge's intent is "essentially legal in nature." *Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir. 2002)(quoting *Rios, supra,* 201 F.3d at 262). It must be remembered that the sentencing court must express its intent so that the BOP can carry out that intent and correctly compute the prisoner's sentence. Accordingly, we decline to contact Chief Judge Mordue in connection with this petition. We also note that the petitioner asserts that he has filed a motion in his criminal case for clarification of his sentence. If, as a result of that motion, Chief Judge Mordue issues an amended judgment, we trust that the BOP will appropriately implement any such amended judgment and if it fails to do so the petitioner may then seek appropriate relief.

the petitioner's federal sentence to which the petitioner is entitled. Accordingly, we conclude that the petitioner is not entitled to habeas corpus relief.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 17, 2010.